| | | |
|---|---|---|
| **HARRY P. MENDOZA** | * | **NO. 2024-CA-0717** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **CITY OF NEW ORLEANS AND MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

* * * * * * *

| | |
|---|---|
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **HARRY P. MENDOZA** | **NO. 2024-CA-0826** |
| **VERSUS** | |
| **MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2011-10000, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Edward F. Kohnke, IV
LAW OFFICE OF RICHARD V. KOHNKE
2917 Magazine Street
Suite 201
New Orleans, LA 70115

Patrick J. Fanning
ATTORNEY AT LAW
238 Huey P. Long Avenue
Gretna, LA 70053

      COUNSEL FOR PLAINTIFF/APPELLANT

Sheri Marcus Morris
Sarah S. Monsour
DAIGLE, FISSE & KESSENICH, PLC
8900 Bluebonnet Boulevard

Baton Rouge, LA 70810

Benjamin A. Huxen II
ATTORNEY AT LAW
MUNICIPAL POLICE EMPLOYEE'S RETIREMENT SYSTEM
7722 Office Park Blvd., Ste. 200
Baton Rouge, LA 70809

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**NOVEMBER 12, 2025**

Harry P. Mendoza ("Mr. Mendoza") appeals the August 27, 2024 judgment that granted Municipal Police Employees Retirement System's ("MPERS") motion for summary judgment, dismissing Mr. Mendoza's claims with prejudice. For the reasons that follow, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Mr. Mendoza was employed by the New Orleans Police Department ("NOPD") as a police captain. The NOPD demoted Mr. Mendoza to the rank of lieutenant and subsequently terminated his employment. Mr. Mendoza appealed his termination with the Civil Service Commission of the City of New Orleans ("CSC").

MPERS is the statewide retirement system established by the legislature to provide retirement allowances and other benefits for municipal policeman. While terminated, Mr. Mendoza received monthly retirement benefits totaling $121,275.37 and withdrew $10,134.00 from his Deferred Retirement Option Plan

("DROP") account. Thereafter, the CSC granted the appeal and ordered that Mr. Mendoza be reinstated with all lost pay and benefits. The NOPD appealed the CSC's decision and on August 20, 2008, this Court affirmed the decision. *See Mendoza v. Dep't of Police*, 2008-0062 (La. App. 4 Cir. 8/20/08), 991 So.2d 1155.

By letters dated March 23, 2011, April 6, 2011, and June 20, 2011, MPERS informed Mr. Mendoza that he was required to repay the benefits of both retirement and withdrawals from the DROP account he received. Mr. Mendoza failed to comply with MPERS' requests.

On September 16, 2011, Mr. Mendoza filed a petition against the City of New Orleans (the "City") and MPERS, alleging he should not have to reimburse MPERS for the funds advanced during his wrongful termination.[1] On May 12, 2012, Mr. Mendoza retired from the NOPD. Thereafter, MPERS withheld his monthly benefits of $5,818.05 from May 12, 2012, through July 12, 2014, and applied those benefits as payments to the amount due. Mr. Mendoza filed an amended petition alleging that MPERS was legally obligated to inform him that the retirement funds were subject to repayment if his termination was overturned.

On October 29, 2021, MPERS informed Mr. Mendoza that he was overpaid by $60,962.85 and that his gross monthly retirement benefit for the next forty-eight months would be reduced to correct the overpayment within a reasonable number of months. Mr. Mendoza filed a petition for temporary restraining order, preliminary and permanent injunctive relief, seeking to prevent MPERS from

---

[1] Mr. Mendoza moved to dismiss the claims asserted against the City with prejudice. On October 3, 2024, all claims against the City were dismissed with prejudice.

2

recouping the overpayment. MPERS filed exceptions of nonconformity with La. C.C.P. art. 3603, improper venue, improper cumulation of actions and unauthorized use of a summary proceeding. After a hearing, the trial court granted MPERS' exception of improper venue, noting that the mandatory venue for suits against MPERS pursuant to La. C.C.P. art. 84 is the Nineteenth Judicial District Court for East Baton Rouge Parish.[2]

On October 11, 2023, Mr. Mendoza filed a motion for partial summary judgment, asserting that summary judgment was appropriate because he was legally entitled to receive the retirement benefits during his termination and MPERS had no legal right to charge interest on his benefits. MPERS opposed the summary judgment. Subsequent to a hearing, the trial court signed a judgment on February 12, 2024, denying Mr. Mendoza's motion for partial summary judgment.[3]

On July 17, 2024, MPERS moved for summary judgment, asserting that it is entitled to judgment as a matter of law based on the law of the case doctrine and Mr. Mendoza's failure to meet his burden of proof at trial. A hearing on the motion for summary judgment was held on August 21, 2024. On August 27, 2024, the trial court granted the motion for summary judgment in favor of MPERS and dismissed Mr. Mendoza's claims against MPERS with prejudice. This appeal followed.

---

[2] On December 9, 2021, Mr. Mendoza filed a petition for temporary restraining order, preliminary and permanent injunctive relief in the Nineteen Judicial District Court for East Baton Rouge Parish. Thereafter, on February 10, 2022, the court denied Mr. Mendoza's request for permanent injunctive relief.

[3] Mr. Mendoza sought supervisory review of the trial court's denial of his motion for summary judgment. This Court denied the writ on March 25, 2024. *Mendoza v. City of New Orleans and Mun. Police Emps.' Ret. Sys.*, unpub., 2024-0146 (La. App. 4 Cir. 3/25/24).

## DISCUSSION

Mr. Mendoza assigns three errors; however, we narrow our discussion to whether the trial court erred in granting MPERS' motion for summary judgment.[4]

Mr. Mendoza argues that he had an absolute right to receive retirement benefits during his termination. Mr. Mendoza further argues that La. R.S. 11:192 does not entitle MPERS to withhold the retirement benefits it owed him.

*Standard of Review*

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Amedee v. Aimbridge Hosp. LLC*, 2020-0590, p. 3 (La. App. 4 Cir. 12/16/22), 354 So.3d 250, 252 (quoting *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). Thus, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.* (quoting La. C.C.P. art. 966(A)(3)).

---

[4] Mr. Mendoza's three assignments of error are: 1) the trial court erred when it granted MPERS' motion for summary judgment and denied his motion for summary judgment on the issue of whether MPERS could use La. R.S. 11:192 to recover the retirement benefits; 2) the trial court erred when it granted MPERS' motion for summary judgment and denied his motion for summary judgment because the clear statutory language of La. R.S. 11:192 only authorizes recovery of an overpayment of benefits that is not due; and 3) the trial court erred when it granted MPERS' motion for summary judgment and denied his motion for summary judgment because the clear statutory language of La. R.S. 11:192 only authorizes the recovery of an overpayment and not interest.

The burden of proof rests on the mover to demonstrate entitlement to judgment as a matter of law, in accordance with La. C.C.P. art. 966(D)(1), which provides:

> [i]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.

After the burden has shifted, "the adverse party [must] produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Haynes v. Sewerage & Water Bd. of New Orleans*, 2023-0678, p. 15 (La. App. 4 Cir. 7/31/24), 399 So.3d 626, 638 (alteration in original) (quoting La. C.C.P. art. 966(D)(1)).

Here, in its motion for summary judgment, MPERS argued that it was entitled to a judgment as a matter of law because Mr. Mendoza was not legally entitled to retain both his retirement benefits and back pay. MPERS elaborates that since Mr. Mendoza was subsequently reinstated to his position retroactively, with full back pay and benefits, he was not entitled to the MPERS benefits paid to him during his termination period. MPERS further argued that it had the authority to recover any overpayment by reducing Mr. Mendoza's retirement benefits.

In support of its motion for summary judgment, MPERS attached the affidavit of Melissa Frazier ("Ms. Frazier"); Mr. Mendoza's DROP transaction history; letters from MPERS to Mr. Mendoza, dated September 30, 2008, March

5

23, 2011, April 6, 2011, June 20, 2011, October 19, 2021, and October 29, 2021; and Mr. Mendoza's statement of benefits.

In opposition, Mr. Mendoza argued that MPERS' decision to withhold his retirement benefits and deduct interest violated La. R.S. 49:113. Mr. Mendoza argued that during his termination, he did not earn any wages or salaries. He further argued that since his retirement benefits were not classified as wages or salaries, MPERS was not entitled to a set-off or credit for retirement benefits it paid him. In support of his opposition, Mr. Mendoza attached his January 12, 2024 memorandum in support of the motion for partial summary judgment and his affidavit.

Ms. Frazier attested that she was the benefits administrator for MPERS and that she had personal knowledge of the records maintained by MPERS regarding Mr. Mendoza. Ms. Frazier testified that while enrolled in DROP, a participating employee does not receive service credit and the employee and employer are not required to pay contributions to MPERS. Ms. Frazier provided that after the City terminated Mr. Mendoza, from July 29, 2006, to September 30, 2008, MPERS paid him retirement benefits totaling $121,275.37 and DROP withdrawals totaling $10,134.00. Ms. Frazier further provided that on September 22, 2008, Mr. Mendoza was reinstated by the City retroactive to July 29, 2006.

Further, Ms. Frazier attested that MPERS informed Mr. Mendoza by letters that he was required to repay the monthly retirement benefits and the DROP withdrawals he received during his termination. She provided that Mr. Mendoza

6

was informed that interest had accrued on the debt he owed. Ms. Frazier attested that after Mr. Mendoza retired, from May 12, 2012, to July 2, 2014, MPERS withheld the monthly benefits of $5,818.05 owed to Mr. Mendoza and applied the benefits as payments to the debt. Lastly, Ms. Frazier attested that Mr. Mendoza was informed that he was overpaid by $60,962.85 and that his gross monthly retirement benefits would be reduced for forty-eight months to correct the overpayment.

Mr. Mendoza attested that he worked as a commissioned police officer for NOPD and was illegally terminated on July 28, 2006. Mr. Mendoza provided that during his illegal separation from July 28, 2006, to September 22, 2008, he performed no work and earned no salary from private employment.

Louisiana Revised Statutes 49:113 states:

> Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.

With respect to the overpayment of retirement benefits, La. R.S. 11:192 provides:

> Whenever any state, parochial, or municipal retirement system or pension fund pays any sum of money or benefits to a retiree, beneficiary, or survivor which is not due them, the board of trustees shall adjust the amount payable to the correct amount, and the board is hereby authorized to recover any overpayment by reducing the corrected benefit such that the overpayment will be repaid within a reasonable number of months. The board shall notify the beneficiary, or survivor, of the amount of overpayment in benefits and the amount of the adjustment in benefits, thirty days prior to any reduction from the benefit amount without the overpayment.

7

In the instant matter, it is undisputed that Mr. Mendoza was wrongfully terminated from the NOPD and during his termination he was entitled to his retirement benefits. We find that Mr. Mendoza's interpretation of La. R.S. 49:113 is misplaced. While Mr. Mendoza is correct that his retirement benefits are not classified as salaries or wages, he fails to consider that he was reinstated to his prior position with all lost pay and benefits. *See Mendoza*, 2008-0062, p. 13, 991 So.2d at 1163. Louisiana Revised Statutes 49:113 does not authorize double recovery of retirement benefits. As such, we do not find that this statute prohibits MPERS from reimbursement of retirement benefits for overpayment.

Next, La. R.S. 11:192 authorizes a municipal retirement system to recover payments that were not due to the beneficiary. As previously mentioned, it is undisputed that Mr. Mendoza received retirement benefits during his termination, but was later reinstated with all lost pay and benefits. MPERS provided sufficient evidence to show that Mr. Mendoza was overpaid retirement benefits and that it was authorized to recoup overpayments. As such, the burden shifted to Mr. Mendoza. While Mr. Mendoza filed an opposition to MPERS motion for summary judgment, his affidavit and January 12, 2024 memorandum in support of the motion for partial summary judgment did not produce factual support to show the existence of a genuine issue of material fact. Therefore, the trial court did not err in granting MPERS' motion for summary judgment and dismissing Mr. Mendoza's claims against MPERS with prejudice.

## CONCLUSION

For the foregoing reasons, the August 27, 2024 judgment is affirmed.

**AFFIRMED**